IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

RALPH PAPPAS,                    :        HON. JEROME B. SIMANDLE

            Plaintiff,       :        Civil No. 07-4443 (JBS)

   v.                          :

TOWNSHIP OF GALLOWAY, <u>et al.</u>, :        **<u>OPINION</u>**

           Defendants.      :

---

APPEARANCES:

Stuart J. Lieberman, Esq.
LIEBERMAN & BLECHER, PC
10 Jefferson Plaza
Suite 100
Princeton, NJ 08540
    Attorney for Plaintiffs

Guy P. Ryan, Esq.
SECARE, DELANOY, MARTINO & RYAN, PC
Professional Arts Building
616 Washington Street
Toms River, NJ 08753
    Attorney for Defendants Township of Galloway and Rick Roesch

Kathrine G. Motley-Hunt, Deputy Attorney General
OFFICE OF THE ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 093
Trenton, NJ 08625-0093
    Attorney for Defendants New Jersey Pinelands Commission and
    Charles M. Horner

Anthony Pagano, Esq.
ATLANTIC COUNTY DEPARTMENT OF LAW
1333 Atlantic Avenue
8th Floor
Atlantic City, NJ 08401
    Attorney for Defendants Atlantic County Division of Public
    Health and Carol Giuzo

**SIMANDLE**, District Judge:

In this action, Plaintiff alleges that Defendants – various state, county, and municipal entities and three of their employees – violated federal and state law by refusing to issue Plaintiff certain permits and certificates that he has sought in order to build on and occupy a plot of land located in Galloway Township, New Jersey.  Presently before the Court are the State Defendants' motion to dismiss [Docket Item 7]; Plaintiff's cross-motion to amend his Complaint [Docket Item 10]; the County and Township Defendants' motions for summary judgment [Docket Items 15 and 16]; and Plaintiff's cross-motion to dismiss the Complaint without prejudice [Docket Item 18].  As the Court explains below, it will grant the State Defendants' motion to dismiss, deny Plaintiff's motion to amend his Complaint, grant Plaintiff's motion to dismiss without prejudice his claims against the County and Township Defendants, and deny the County and Township Defendants' motions for summary judgment as moot.

I.    **BACKGROUND**

A.    **Facts**

The facts as set forth in the Complaint are as follows.  At the center of this dispute is a piece of property located in Galloway Township, New Jersey (the "property").  (Compl. ¶ 17.) Plaintiff purchased the property in 1985 from William H. Smith, who, before selling the property to Plaintiff, had received

permission from the New Jersey Pinelands Commission (the "Pinelands Commission" or "Commission") to construct a single-family residence with a septic system on the property.  (Id. at ¶¶ 20-22.)  In 1985, Plaintiff submitted a septic system application to the Atlantic County Division of Public Health (the "ACDPH"), which was approved on July 23, 1985.  (Id. at ¶ 23.)  In 1986, Plaintiff sought and received building permits from the Township of Galloway (the "Township") for the construction of a home on the property.  (Id. at ¶ 25.)

In 1988, Plaintiff discovered that his septic system had been installed incorrectly, but was informed by the ACDPH that "it would not approve a replacement system because of a change in the law."  (Id. at ¶ 27.)  Plaintiff complained to an unspecified ACDPH employee, who, according to Plaintiff "warned Plaintiff that she would get even with Plaintiff because she had a good friend at the Pinelands Commission and they would 'take care of him.'"[1]  (Id. at ¶ 28.)  Plaintiff alleges that this unspecified employee then contacted the Pinelands Commission and "improperly alleged that there were ordinances being violated on Plaintiff's property."  (Id. at ¶ 29.)

According to Plaintiff, the Pinelands Commission has since been on "a witch-hunt making Plaintiff's life impossible."

---

[1]  The source of this unspecified ACDPH employee's "vendetta" against Plaintiff is not evident from the parties' pleadings.  (Compl. ¶ 30.)

(Id. at ¶ 30.)  The "witch-hunt" cited in Plaintiff's Complaint presumably refers to litigation that the Pinelands Commission commenced against Plaintiff in New Jersey state court in 2001, after the Commission discovered that Plaintiff had apparently conducted unauthorized development on freshwater wetlands in violation of the Pinelands Protection Act, N.J.S.A. 13:18A-1 to -58, and the Comprehensive Management Plan, N.J.S.A. 7:50-1 to -10:16.  (Hunt Cert. ¶ 2.)  In 2003, Judge George Seltzer granted the Pinelands Commission's motion for summary judgment, but stayed his order requiring the removal of the offending structures to afford Plaintiff the opportunity to apply to the Commission for a waiver.  (Id. at ¶ 4.)  Plaintiff applied for such a waiver, and in a letter dated May 2, 2006, Defendant Horner, the Commission's Director, denied Plaintiff's application.  (Id. at ¶ 5.)  At Plaintiff's request, the Commission reviewed Director Horner's decision, and on May 11, 2007, it upheld the denial of Plaintiff's waiver request.  (Id. at ¶ 7; Hunt Cert. Ex. A.)

Plaintiff has appealed the Commission's resolution denying his waiver request to the Superior Court of New Jersey, Appellate Division, on July 5, 2007.  (Hunt Cert ¶ 8, Ex. B.)  Plaintiff's appeal is still pending before that court.  (Id. at ¶ 8.)

**B.   Procedural History**

Plaintiff filed his Complaint in this action on September

17, 2007 [Docket Item 1].  The Complaint names as Defendants the
Commission; its Director, Charles Horner, in his official
capacity; the ACDPH; an ACDPH employee, Carol Giuzio, in her
official capacity; the Township of Galloway; and Rick Roesch, the
Department Head of the Township's Construction Office, in his
official capacity.  In Count One of the Complaint, Plaintiff
alleges that Defendants' denial of the permits he has sought
violated his "Constitutional and Statutory rights," in violation
of 42 U.S.C. § 1983, and in Count Two, he alleges that the permit
denials "constitute violations of Plaintiff's Constitutional and
Statutory rights, which are violations of New Jersey State's
Constitution."  (Compl. ¶¶ 43, 46.)

The Commission and Defendant Horner moved to dismiss, which
Plaintiff opposed by filing a cross-motion to amend his
Complaint.  The County and Township Defendants subsequently filed
motions for summary judgment.  Plaintiff did not oppose these
motions, but instead filed a motion for leave to voluntarily
dismiss the case without prejudice.

## II.  DISCUSSION

### A.   State Defendants' Motion to Dismiss

#### 1.   Standard for Motion to Dismiss for Lack of Subject Matter Jurisdiction

The Supreme Court has noted that this Court's jurisdiction
is limited:

Federal courts are courts of limited jurisdiction. They

5

> possess only that power authorized by Constitution and statute, <u>see</u> <u>Willy v. Coastal Corp.</u>, 503 U.S. 131, 136-137 (1992); <u>Bender v. Williamsport Area School Dist.</u>, 475 U.S. 534, 541 (1986), which is not to be expanded by judicial decree, <u>American Fire & Casualty Co. v. Finn</u>, 341 U.S. 6 (1951).  It is to be presumed that a cause lies outside this limited jurisdiction, <u>Turner v. Bank of North-America</u>, 4 U.S. 8 (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction, <u>McNutt v. General Motors Acceptance Corp.</u>, 298 U.S. 178, 182-183 (1936).

<u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994).

Challenges to subject matter jurisdiction under Rule 12(b)(1) may be "facial" or "factual."  Facial attacks challenge the sufficiency of the Complaint's allegations, so a court adjudicating a facial attack must accept those allegations as true.  <u>Emerson Elec. Co. v. Le Carbone Lorraine</u>, 500 F. Supp. 2d 437, 443 (D.N.J. 2007).  As with a motion brought pursuant to Rule 12(b)(6), F. R. Civ. P., the Court ruling on a facial 12(b)(1) challenge "must accept as true all of the factual allegations contained in the complaint," <u>Erickson v. Pardus</u>, 127 S. Ct. 2197, 2200 (2007), and determine whether they "state a legal claim," <u>Markowitz v. Northeast Land Co.</u>, 906 F.2d 100, 103 (3d Cir. 1990).  The Court must "'determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'"  <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 231 (3d Cir. 2008) (quoting <u>Pinker v. Roche Holdings Ltd.</u>, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

By contrast, factual attacks allow the Court to look beyond the allegations of the Complaint and do not require the Court to presume Plaintiffs' allegations are true.

> [A] trial court considering a factual attack accords plaintiff's allegations no presumption of truth.  In a factual attack, the court must weigh the evidence relating to jurisdiction, with discretion to allow affidavits, documents, and even limited evidentiary hearings. In Cestonaro v. United States, 211 F.3d 749 (3d Cir. 2000), we said, "Because the government's challenge to the District Court's jurisdiction was a factual one under Fed. R. Civ. P. 12(b)(1), we are not confined to the allegations in the complaint (nor was the District Court) and can look beyond the pleadings to decide factual matters relating to jurisdiction." Id. at 752 (citation omitted).

Turicentro v. Am. Airlines, 303 F.3d 293, 300 n.4 (3d Cir. 2002) (citations omitted).  In "factual" Rule 12(b)(1) attacks on jurisdiction,

> no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.  Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist.

Mortensen v. First Fed. Sav. and Loan, 549 F.2d 884, 891 (3d Cir. 1977).  Further, "the court [is] not confined to allegations in the plaintiff's complaint, but [may] consider affidavits, depositions, and testimony to resolve factual issues bearing on jurisdiction."  Gotha v. United States, 115 F.3d 176, 179 (3d Cir. 1997).

The State Defendants' motion to dismiss Plaintiff's Complaint raises both facial challenges, in the form of Eleventh

Amendment immunity, <u>see</u> <u>Berthesi v. Pennsylvania Bd. of Probation</u>, 246 F. Supp. 2d 434, 437 (E.D. Pa. 2003), and factual challenges, in the form of <u>Younger</u> abstention.  <u>See</u> <u>Carter v. Doyle</u>, 95 F. Supp. 2d 851, 856 n.8 (N.D. Ill. 2000).

> 2.   <u>Claims Against Pinelands Commission – Sovereign Immunity</u>

The Pinelands Commission argues, and the Court agrees, that it is immune from suit in federal court under the Eleventh Amendment, and that Plaintiff's claims against it must accordingly be dismissed.  Under the Eleventh Amendment to the United States Constitution, an unconsenting state is immune from suit in federal court filed by one of its own citizens, irrespective of the type of relief sought.[2]  <u>See</u> <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465 U.S. 89, 99-100 (1984).  It is well-recognized that although the Eleventh Amendment refers only to "State[s]," U.S. Const. amend. XI, such immunity extends to state agencies like the Pinelands Commission.  <u>See</u> <u>Regents of the Univ. of California v. Doe</u>, 519 U.S. 425, 429 (1997).  Plaintiff does not argue that the Pinelands Commission is something other than an arm of the sovereign state of New Jersey.  It is, moreover, black-letter law that while Congress may abrogate a

---

[2]  The Eleventh Amendment specifically provides that the "Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.

state's sovereign immunity under certain circumstances, it did
not do so when enacting 42 U.S.C. § 1983, under which Plaintiff's
suit is brought.  See, e.g., Will v. Michigan Dept. of State
Police, 491 U.S. 58, 64 (1989) (noting that "a State is not a
person within the meaning of § 1983"); Quern v. Jordon, 440 U.S.
332, 345 (1979).

Because the Pinelands Commission is immune from Plaintiff's
suit under the Eleventh Amendment, the Court will grant its
motion to dismiss.

### 3.   Claims Against Horner – Sovereign Immunity and *Younger* Abstention

In addition to the Pinelands Commission, Plaintiff's
Complaint names as a Defendant the Commission's Director, Charles
Horner, in his official capacity.  The State Defendants argue
that Horner is entitled to the same immunity as the Commission
under the Eleventh Amendment, and that Plaintiff's claims against
him must accordingly be dismissed.  In addition, they argue that
because Plaintiff's appeal of the Pinelands Commission's May 11,
2007 resolution is presently pending before the Superior Court of
New Jersey, Appellate Division, the Court should abstain from
entertaining Plaintiff's claims against the State Defendants
under the abstention doctrine initially set forth in Younger v.
Harris, 401 U.S. 37 (1971).

As the Court explains below, it finds that, to the extent
that Plaintiff seeks monetary damages, Horner is immune from

Plaintiff's claims under the Eleventh Amendment.  The Court further finds that, to the extent that Plaintiff seeks injunctive relief against the Commission through his official-capacity claims against Horner, abstention under Younger is necessary in light of the ongoing parallel proceedings before the Appellate Division.

First, Plaintiff's claims against Horner for money damages are proscribed by the Eleventh Amendment.  Lawsuits brought under section 1983 seeking monetary relief "against state officials in their official capacity . . . should be treated as suits against the State," Hafer v. Melo, 502 U.S. 21, 25 (1991), and are barred by the Eleventh Amendment.  Pennhurst, 465 U.S. at 101 n.11; see also Will, 491 U.S. at 71 ("a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office").  Plaintiff's claims for damages against Horner will thus be dismissed.  The Eleventh Amendment does not bar an official-capacity suit against a state official for injunctive relief, see id. at 71 n.10, and Plaintiff's claim against Horner for injunctive relief is not subject to dismissal on Eleventh Amendment grounds.

The Court finds, however, that it should abstain from adjudicating Plaintiff's claim for injunctive relief against Horner in light of the previously filed appeal now pending before

10

the Appellate Division.   Initially, the Court recognizes that it

> has the "virtually unflagging" obligation to adjudicate
> a claim within its jurisdiction.   <u>Deakins v. Monaghan</u>,
> 484 U.S. 193, 203 (1988).   Abstention is reserved for
> extraordinary situations, since it remains "the
> exception, not the rule."   <u>Hawaii Housing Auth. v.
> Midkiff</u>, 467 U.S. 229, 239 (1984).

<u>Capital Bonding Corp. v. New Jersey Supreme Court</u>, 127 F. Supp.

2d 582, 590 (D.N.J. 2001) (some internal citations omitted); <u>see

also</u> <u>Port Authority Police Benev. Ass'n, Inc. v. Port Authority

of New York and New Jersey Police Dep't</u>, 973 F.2d 169, 172-73 (3d

Cir. 1992).

Under the <u>Younger</u> abstention doctrine, a "federal district

court has discretion to abstain from exercising jurisdiction over

a particular claim where resolution of that claim in federal

court would offend principles of comity by interfering with an

ongoing state proceeding."   <u>Addiction Specialists, Inc. v.

Township of Hampton</u>, 411 F.3d 399, 408 (3d Cir. 2005).   The Court

of Appeals has articulated a three-part test to determine whether

<u>Younger</u> abstention is appropriate, and the Court may not abstain

unless all three prongs are satisfied.   The Court may abstain

under <u>Younger</u> only where: "(1) there are ongoing state

proceedings that are judicial in nature; (2) the state

proceedings implicate important state interests; and (3) the

state proceedings afford an adequate opportunity to raise the

federal claims."   <u>Id.</u> (citations omitted).   When these criteria

are satisfied, abstention is appropriate unless the plaintiff

11

establishes that "the state court proceedings are being undertaken in bad faith to harass the federal plaintiffs" or that "a challenged state statute is flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph and federal abstention would cause irreparable injury."  Port Authority Police Benev. Ass'n, Inc., 973 F.2d at 176 (internal quotations and citations omitted).

The Court will abstain from adjudicating Plaintiff's claim for injunctive relief against Horner.  First, the Court agrees with the State Defendants that there are judicial proceedings presently pending in state court on the same issue as is implicated by Plaintiff's claim for injunctive relief against Horner – whether the Pinelands Commission acted lawfully in denying Plaintiff's request for a waiver from New Jersey laws proscribing construction on freshwater wetlands.  See Addiction Specialists, 411 F.3d at 408.  Plaintiff was the subject of a Pinelands Commission lawsuit in which he was ultimately ordered to remove certain construction from his property.  He sought relief from Judge Seltzer's order from the Commission itself, and, when that application was denied, Plaintiff appealed the Pinelands Commission's resolution to the Appellate Division. (Hunt Cert Ex. B.)  As all parties have recognized, the appeal is an "ongoing" proceeding that was pending for months before Plaintiff filed this lawsuit.  Addiction Specialists, 411 F.3d at

408.  An order from this Court enjoining the Commission to authorize Plaintiff's construction would "interfer[e]" with those ongoing proceedings, which address precisely the same issue of whether Plaintiff should be required to remove the offending construction from his property.  Id.

The Court further finds that "the state proceedings implicate important state interests."  Id.  As the Court of Appeals has explained, "zoning and land use issues are of traditional significance to states," and "[a]s such, it may often be appropriate to invoke abstention to avoid deciding land use cases in federal court."  Id. at 409.  The court has cautioned, however, that "the mere fact that the factual background of a case arose out of a land use dispute is not enough" to satisfy the important state interests prong under Younger.  Id.; see also Gwynedd Properties, Inc. v. Lower Gwynedd Tp., 970 F.2d 1195, 1201 (3d Cir. 1992).  Instead, the Court must determine whether the "federal claims demonstrate . . . [a] disrespect for the state's jurisdiction to adjudicate any of the claims pending" before the state tribunal, Gwynedd Properties, 970 F.2d at 1201, bearing in mind that

> where abstention is appropriate, there is often a nexus
> between the claims asserted in the federal action and the
> defenses or claims asserted or available in the state
> action . . . . By contrast, where federal proceedings
> parallel but do not interfere with the state proceedings,
> the principles of comity underlying Younger abstention
> are not implicated.  Thus, Younger abstention may not be
> appropriate where, for example, the federal plaintiff

13

> seeks only prospective relief without seeking to annul
> either previous state court judgments or the effect of
> the judgments.

Id.

In this case, the state proceedings implicate important state interests, and this Court's entertainment of Plaintiff's claims against Horner would interfere with those interests.  The Pinelands Commission's Comprehensive Management Plan, N.J.S.A. 7:50-1 to -10:16, under which the Commission's decisions in this dispute were made, was "designed to promote orderly development of the Pinelands so as to preserve and protect the significant and unique natural, ecological, agricultural, archaeological, historical, scenic, cultural and recreational resources of the Pinelands."  N.J.S.A. 7:50-1.3.  New Jersey obviously has an important interest in managing the development of its Pinelands and the preservation of its natural resources, and the actions that the Commission took against Plaintiff and which are the subject of Plaintiff's appeal to the Appellate Division arise out of those state interests.  See Addiction Specialists, 411 F.3d at 408.

There is, moreover, a "nexus," Gwynedd Properties, 970 F.2d at 1201, between Plaintiff's federal claims and the claims pending before the Appellate Division.  The administrative decision Plaintiff seeks to enjoin in this action is precisely the decision now pending before the Appellate Division, and an

order from this Court regarding that decision would snatch the issue from that court, notwithstanding the fact that the appeal had been lodged months before Plaintiff filed his Complaint in this action.  This is not a case in which the federal proceedings merely "parallel" the state court proceedings, id.; rather, the two proceedings both address the legality of the Commission's refusal to permit Plaintiff to retain the structures he has built on his property.  This is a quintessential important state interest that further indicates that abstention under Younger is called for under the circumstances presented here.

The final factor in the Younger abstention analysis – that "the state proceedings afford an adequate opportunity to raise the federal claims" – likewise indicates the appropriateness of abstention in this case.  Addiction Specialists, 411 F.3d at 408. "The Supreme Court has held that the burden on this point rests on the federal plaintiff to show that state procedural law barred presentation of its claims."  Schall v. Joyce, 885 F.2d 101, 107 (3d Cir. 1989) (citing Pennzoil Co. v. Texaco, Inc., 481 U.S. 1 (1987)) (internal quotations omitted).  As was the case in Schall, Plaintiff "has failed to meet this burden; indeed, [he] does not even discuss the issue in [his] brief," 885 F.2d at 107, further indicating the appropriateness of abstention as to Plaintiff's claims against Horner.

In opposing the State Defendants' abstention argument,

Plaintiff instead argues that <u>Younger</u> abstention is inappropriate "where harassment is alleged." (Pl.'s Opp'n Br. 2.)  According to Plaintiff, since he alleges that the Pinelands Commission filed its state court lawsuit against Plaintiff in order to harass him and that the Commission has "refused to work with Plaintiff in an expeditious and productive manner," (<u>id.</u>), the Court should not abstain from adjudicating his claims.

The Court does not find Plaintiff's argument persuasive. While Plaintiff is correct that the <u>Younger</u> doctrine contains an exception that applies to limited occasions in which a federal plaintiff makes a showing of bad faith prosecution or harassment, this exception has been "narrowly construed." <u>Rodriguez v. Camden County Correctional Facility</u>, No. 07-2530, 2007 WL 1686116, *3 (D.N.J. June 8, 2007) (citing <u>Loftus v. Township of Lawrence Park</u>, 764 F. Supp. 354, 357 (W.D. Pa. 1991)); <u>see also</u> <u>Arkebauer v. Kiley</u>, 985 F.2d 1351, 1358 (7th Cir. 1993) (same). Specifically, as numerous courts have recognized, the Supreme Court has only applied this exception upon a showing that the federal plaintiff "cannot adequately assert [his] claims because of an <u>unavailable or biased state forum</u>."[3]  <u>Safe Haven Sober</u>

---

[3]  As one commentator has noted:

[S]ince <u>Younger</u>, there is not a single instance in which the Supreme Court has applied this exception and found a state action to constitute a bad faith prosecution . . . . In fact, commentators have observed that 'the universe of bad-faith-harassment claims that can be established is

16

Houses, LLC v. City of Boston, 517 F. Supp. 2d 557, 562-63 (D.
Mass 2007) (citing Dombrowski v. Pfister, 380 U.S. 479, 482
(1965) (emphasis added); see also Carroll v. City of Mount
Clemens, 945 F. Supp. 1071, 1075 (E.D. Mich. 1996) (citing
Juidice v. Vail, 430 U.S. 327 (1977)).

Plaintiff has not alleged that the bias of the New Jersey
courts prevents him from "adequately assert[ing his] claims."
Safe Haven Sober Houses, 517 F. Supp. 2d at 562-63.  His
allegations of bias are limited to the alleged "vendetta" of the
state, county, and municipal defendants in this case.  (Compl. ¶
30.)  Absent a showing that the bias of the Appellate Division
will impair Plaintiff's ability to assert his claims before that
tribunal, Plaintiff's allegations of bias and harassment do not
undermine the appropriateness of abstention under Younger where
the criteria warranting such abstention are otherwise satisfied.
That is, without evidence (or even allegations) to the contrary,
the Court has no reason to assume that the Appellate Division is
any less equipped than this Court to address the harassment to
which Plaintiff alleges he has been subjected.

In summary, the Court finds that there are ongoing state

---

virtually empty.'

Erwin Chemerinsky, Federal Jurisdiction § 13.4 (4th ed. 2004)
(citing Owen M. Fiss, Dombrowski, 86 Yale L.J. 1103, 1115
(1977)); C. Keith Wingate, The Bad Faith-Harassment Exception to
the Younger Doctrine: Exploring the Empty Universe, 5 Rev. of
Litig. 123 (1986)).

proceedings that implicate important state interests which afford an adequate opportunity for Plaintiff to raise his claims against the State.  It will accordingly abstain from adjudicating Plaintiff's claim for injunctive relief against Defendant Horner and grant the State Defendants' motion to dismiss in its entirety.[4]

**B.   Plaintiff's Cross-Motion to Amend**

In response to sovereign immunity defense raised in the State Defendants' motion to dismiss, Plaintiff has moved to amend his Complaint to assert a claim against Horner in his individual capacity.  In his proposed first amended complaint, Plaintiff seeks to assert the same claims alleged in his original Complaint,[5] but seeks to add Horner in his individual capacity as a new defendant.  In addition, Plaintiff seeks to assert a new claim against all defendants, in which he alleges that

---

[4]  The appropriateness of <u>Younger</u> abstention with regard to Plaintiff's claims against the State Defendants does not, of course, require that the Court abstain from adjudicating Plaintiff's claims against the remaining defendants, which are not at issue before the Appellate Division.  <u>See</u> <u>Addiction Specialists</u>, 411 F.3d at 409 (noting that "resolution of some of the federal claims in a given dispute may implicate important state interests, while other claims for relief can be resolved by the federal courts without any impact on state policies").

[5]  Specifically, Plaintiff alleges that the denials of his permits violated his "Constitutional and Statutory rights," in violation of 42 U.S.C. § 1983, (Proposed Am. Compl. ¶ 41), and that these permit denials "constitute violations of Plaintiff's Constitutional and Statutory rights, which are violations of New Jersey State's Constitution."  (<u>Id.</u> at ¶ 47.)

Defendants' denials of his requests for permits and approvals
"den[ied] Plaintiff equal protection under the law, by the
Fourteenth Amendment of the United States Constitution, and the
applicable provisions of the New Jersey Constitution, which
affords redress to Plaintiff."  (Proposed Am. Compl. ¶ 45.)

       For the following reasons, the Court finds that the proposed
amendment would be futile, because it fails to state a claim for
which relief can be granted.  The Court will thus deny
Plaintiff's motion to amend.

       Under Federal Rule of Procedure 15(a)(2), "the court should
freely give leave [to amend the complaint] when justice so
requires."  Although "the grant or denial of an opportunity to
amend is within the discretion of the District Court, . . .
outright refusal to grant the leave without any justifying reason
appearing for the denial is not an exercise of that discretion."
Foman v. Davis, 371 U.S. 178, 182 (1962).  Among the legitimate
bases for denying a plaintiff the opportunity to amend the
complaint are "substantial or undue prejudice, . . . truly undue
or unexplained delay, repeated failures to cure the deficiency by
amendments previously allowed, or futility of amendment."  Lorenz
v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993) (citation
omitted).  The Court of Appeals has explained that in the context
of Rule 15(a)(2), "'[f]utility' means that the complaint, as
amended, would fail to state a claim upon which relief could be

granted." In re Burlington Coat Factory Securities Litigation,
114 F.3d 1410, 1434 (3d Cir. 1997).

Plaintiff's proposed amended complaint is futile because
none of the asserted claims states a claim for which relief can
be granted. The first count of the proposed amended complaint
alleges that the defendants violated his "Constitutional and
Statutory rights," in violation of 42 U.S.C. § 1983. (Proposed
Am. Compl. ¶ 41.) It is, of course, well-settled that section
1983 "is not itself a source of substantive rights, but [rather]
a method for vindicating federal rights elsewhere conferred."
Neumeyer v. Beard, 421 F.3d 210, 213 (3d Cir. 2005) (quoting
Baker v. McCollan, 443 U.S. 137, 145 n.3 (1979)). As the Court
of Appeals has made clear, a plaintiff "must assert a specific
federal constitutional or statutory right in order to maintain a
claim under the civil rights laws." Brown v. Borough of
Mahaffey, Pa., 35 F.3d 846, 850 (3d Cir. 1994); see also Ramirez
v. United States, 998 F. Supp. 425, 431 (D.N.J. 1998) (noting
that "the claimant must set forth sufficient information to
outline the elements of his claims or to permit inferences to be
drawn that these elements exist"); Wright, Miller & Kane, Federal
Practice and Procedure: Civil 3d § 1216 ("a statement of facts
that merely creates a suspicion that the pleader might have a
legally cognizable right of action" is insufficient to state a
claim).

20

Plaintiff's conclusory allegation that Defendants' conduct violated his "Constitutional and Statutory rights" under section 1983 fails to "assert a specific federal constitutional or statutory right" that he alleges was violated.  Brown, 35 F.3d at 850.  The proposed amended pleading leaves Defendants to guess at whether they are alleged to have violated Plaintiff's procedural or substantive due process rights, his rights under the Takings Clause of the Fifth Amendment, any other constitutionally protected right, or any of a host of conceivably applicable federal statutory rights.  The same is true of the allegations contained in Count Three of the proposed amended complaint, which simply alleges that the permit denials "constitute violations of Plaintiff's Constitutional and Statutory rights, which are violations of New Jersey State's Constitution."  (Proposed Am. Compl. ¶ 41.)  These allegations fail to "give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests," Phillips, 515 F.3d at 232 (citation omitted), which Rule 8(a)(2), F. R. Civ. P., plainly requires.

Count Two of the proposed amended complaint likewise fails to state a claim for which relief may be granted.  In that Count, Plaintiff alleges that Defendants' denials of his requests for permits and approvals "den[ied] Plaintiff equal protection under the law, by the Fourteenth Amendment of the United States Constitution, and the applicable provisions of the New Jersey

21

Constitution, which affords redress to Plaintiff," (Proposed Am.
Compl. ¶ 45), but does not allege that any individual was treated
differently from Plaintiff.  The Court of Appeals has explained
that "[a]n equal protection claim arises when an individual
contends that he is receiving different treatment from that
received by other individuals similarly situated."  Kuhar v.
Greensburg-Salem School Dist., 616 F.2d 676, 677 n.1 (3d Cir.
1980); see also Johnson v. Paparozzi, 219 F. Supp. 2d 635, 643
(D.N.J. 2002) (same).  Because Plaintiff fails to "allege any
facts indicating that similarly situated parties were treated
differently," the claim asserted in Count Two fails to state a
claim.  Akins v. Deptford Tp., 813 F. Supp. 1098, 1104 (D.N.J.
1993).  Because none of the counts in the proposed amended
complaint states a claim for which relief can be granted, the
Court finds that the amendment would be futile.[6]  See In re
Burlington Coat Factory Securities Litigation, 114 F.3d at 1434.

The Court further finds that Plaintiff's amendment would be
futile in light of its decision to abstain from adjudicating upon
Plaintiff's motion against the State Defendants under Younger.
As the Court explained, supra, there are presently pending state
court proceedings implicating important state interests that

---

[6]  It bears noting that Plaintiff is not proceeding pro se,
but is represented by an attorney who is presumably capable of
meeting the undemanding pleading requirements set forth in Rule
8(a)(2), F. R. Civ. P.

arise out of the same circumstances from which the claims asserted in Plaintiff's proposed amended complaint stem.  The Court's decision to abstain from adjudicating Plaintiff's claim for injunctive relief against Defendant Horner in his official capacity on account of the pending Appellate Division proceedings on the same subject matter requires that the Court likewise abstain from entertaining Plaintiff's individual-capacity claims against Horner.  That is, the principles of comity and the disinclination to interfere with pending state court matters that underlie Younger, see Addiction Specialists, 411 F.3d at 408, would be ill-served if Plaintiff were to pursue the same claims for injunctive relief under an individual-capacity theory before this Court.

The Court will accordingly deny Plaintiff's motion to amend his complaint.

### C.   Plaintiff's Motion for Voluntary Dismissal

After the County and Township Defendants moved for summary judgment, Plaintiff moved to voluntarily dismiss this action without prejudice pursuant to Rule 41(a)(2), F. R. Civ. P.[7] Conceding that the County and Township Defendants' capacity to issue the permits and approvals Plaintiff seeks may be impacted

_____

[7]   Plaintiff did not file any opposition to the County and Township Defendants' motions, but appears instead to have filed his cross-motion to dismiss without prejudice in lieu of opposition.

23

by his pending appeal before the Appellate Division, Plaintiff argues that interests of judicial economy would be served by permitting him to voluntarily dismiss his suit without prejudice. The County and Township Defendants oppose Plaintiff's motion, arguing that their summary judgment motions are ripe for decision and that Plaintiff should not be granted the opportunity to "resurrect" his claims at a later date.

The Court will grant Plaintiff's motion to dismiss without prejudice.[8]  Because Defendants have answered the Complaint and filed motions for summary judgment, Plaintiff cannot voluntarily dismiss his case in the absence of a court order.  See F. R. Civ. P. 41(a)(1)(A)(i) (a notice of dismissal may only be filed "before the opposing party serves either an answer or a motion for summary judgment").

Under Rule 41(a)(2), F. R. Civ. P., "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  The Court of Appeals has made clear that "Rule 41 motions should be allowed unless defendant will suffer some prejudice other than the mere prospect

---

[8]  While the Court grants Plaintiff's motion to dismiss without prejudice as to his claims against the County and Township Defendants, Plaintiff's claims against the State Defendants, over which the Court lacks subject matter jurisdiction, were properly dismissed at the outset.  See, e.g., Guevara v. Republic of Peru, 468 F.3d 1289, 1305 (11th Cir. 2006) ("[a] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings") (citation omitted).

of a second lawsuit." <u>In re Paoli R.R. Yard PCB Litigation</u>, 916 F.2d 829, 863 (3d Cir. 1990) (internal quotations and citations omitted); <u>see also</u> <u>Hoffman-La Roche Inc. v. Genpharm Inc.</u>, 50 F. Supp. 2d 367, 371 (D.N.J. 1999); <u>United States ex rel. Haskins v. Omega Institute, Inc.</u>, 11 F. Supp. 2d 555, 570 (D.N.J. 1998).

Courts in this Circuit have accounted for a variety of factors in determining whether to grant Rule 41(a)(2) motions, including:

> any excessive and duplicative expense of a second litigation; the effort and expense incurred by a defendant in preparing for trial; the extent to which the pending litigation has progressed; and the claimant's diligence in moving to dismiss.

<u>Spring City Corp. v. American Bldgs. Co.</u>, No. 97-8127, 1999 WL 1212201, *1 (E.D. Pa. Dec. 17, 1999); <u>see also</u> <u>Shappell v. PPL Corp.</u>, No. 06-2078, 2007 WL 893910, *1 (D.N.J. Mar. 21, 2007); <u>Reach & Associates, P.C. v. Dencer</u>, No. 02-1355, 2004 WL 253487, *1 (D. Del. Feb. 9, 2004). As set forth below, the Court finds that these factors weigh in favor of granting Plaintiff's motion.

The first two factors identified in <u>Spring City</u> – the potential duplicative expense of a second litigation and the resources already expended in the present matter – weigh in favor of granting Plaintiff's motion. <u>Spring City Corp.</u>, 1999 WL 1212201 at *1. This action had been pending for less than four months when Plaintiff filed his motion [Docket Item 18]. Moreover, the parties would appear to have expended no resources

on discovery, which was stayed by Magistrate Judge Schneider's November 28, 2007 Scheduling Order [Docket Item 14].  The resources each Defendant has expended in attending a single scheduling conference and preparing a single dispositive motion are relatively slight.  Consideration of the expenses spent on litigation thus indicate that dismissal without prejudice would not be inappropriate under the circumstances presented here.

For similar reasons, the remaining Rule 41(a)(2) considerations – the extent to which the litigation has progressed and Plaintiff's diligence in moving to dismiss – likewise weigh in favor of dismissal.  Spring City Corp., 1999 WL 1212201 at *1.  As was the case in Spring City, while "the instant suit is no longer in its infancy, neither has it advanced to the geriatric stage." Id. at *2 (internal quotations omitted).  As noted, supra, Plaintiff filed the instant motion less than four months after the litigation commenced, prior to the commencement of any discovery, and after only minimal motion practice had taken place.  Galasso v. Eisman, Zucker, Klein & Ruttenberg, cited by the Township Defendants for the proposition that "a party should not be permitted to avoid the prospect of an adverse decision on a dispositive motion by dismissing a claim without prejudice," is easily distinguished from this case, in that the parties to that case had completed discovery and spent tens of thousands of dollars in legal fees at the time the

26

plaintiff filed his motion.  310 F. Supp. 2d 569, 572 (S.D.N.Y. 2004).  Here, no discovery has taken place, and while the Court is unaware of the precise figures that the parties have expended to date, the limited progression of the case thus far indicates that the number is almost certainly far less than that which had been expended in <u>Galasso</u>.

For the foregoing reasons, and in view of the Court of Appeals' recognition that Rule 41(a)(2) motions should be granted "liberal[ly]," <u>Paoli</u>, 916 F.2d at 863, the Court will grant Plaintiff's motion to dismiss without prejudice.  The County and Township Defendants' motions for summary judgment will accordingly be denied as moot.

## III. CONCLUSION

For the reasons explained above, the Court will grant the State Defendants' motion to dismiss, deny Plaintiff's motion to amend his Complaint, grant Plaintiff's motion to voluntarily dismiss as to all non-state defendants without prejudice, and dismiss as moot the County and Township Defendants' motions for summary judgment.  The accompanying Order will be entered.


<u>June 27, 2008 </u>                    <u>s/ Jerome B. Simandle</u>
Date                                 JEROME B. SIMANDLE
                                     United States District Judge